UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAISHA HANNAH, <br><br> Plaintiff, <br> v. <br><br> CAMDEN COUNTY JAIL, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-06764 (JBS-AMD) <br><br> OPINION |

APPEARANCES

Taisha Hannah
Plaintiff Pro Se
1326 Lakeshore Drive, Apt. B
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

I. **INTRODUCTION**

Plaintiff Taisha Hannah seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1. Although Plaintiff does not name a defendant in the caption or in § I(B) of her Complaint, this Court will construe Plaintiff's Complaint as asserting claims against Camden County Jail ("CCJ"), based on Plaintiff's allegations against "the county jail" in § II(B) of her Complaint. Furthermore, although Plaintiff's Complaint names "Renee Reevey, Breezy Reevey [and] Gary Connley" as plaintiffs in the caption of her Complaint (Docket Entry 1, at 1), this Court construes the Complaint as

1

asserting claims solely on behalf of Taisha Hannah who is the only plaintiff-party signatory to the Complaint (Docket Entry 1, at 5) and who identifies herself in Complaint § I(A) as the sole plaintiff in this action.

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*. For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff's Complaint states: "Inside 7 day locked-down [*sic*] because I slept on the floor for over 3 weeks. [I]t was over populated and I kept fighting and getting sent to medical. There were so many incidents that occur [*sic*] while I was incarcerrated [*sic*] even outta [*sic*] the 7 day locked-down [*sic*]. I was in the county jail for over 2 months because I kept getting jumped and getting put in medical and I kept getting and [*sic*] allergic reaction to the medicine that was giving [*sic*] me

2

inside of the county jail. In the two months I was locked up, I was rushed to the hospital twice[.] [T]he first time was because I was jumped and the second time I was jumped again and had a miscarriage with my daughter so I've been trying to sue the jail and now finally justice is being serve [*sic*]. Also the sleeping conditions was [*sic*] unsanitary and very uncomfortable after I left the hospital the second time from the miscarriage of my daughter[.] [T]hey made me sleep right back on the floor and that's when I caught and [*sic*] infection. From there I was in the medical part of the jail for about three weeks a longer [*sic*]." Complaint § III(C). Plaintiff alleges physical injuries from being "jumped" while incarcerated, allergic reactions to medication, miscarriage of her daughter, a "bad infection" from "sleeping on the floor," and being "extremely sick"; she contends that she "almost died." *Id.* § IV.

With respect to the time of the alleged events giving rise to her claims, Plaintiff states: "I was in the years between 2007 – 2008 when I was incarcerrated [*sic*] for these actions." *Id.* § III(B).

Plaintiff seeks $5,000 in damages and maintains that "even though this lawsuit may not bring my daughter back this would let me know that justice was served." *Id.* § V.

3

### III. STANDARD OF REVIEW

To survive *sua sponte* screening under 28 U.S.C. 1915(e)(2) for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### IV. DISCUSSION

Plaintiff claims allegedly unconstitutional conditions of confinement. Primarily, the Complaint must be dismissed as the CCJ is not a "state actor" within the meaning of § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). *See* Complaint § II(B) ("I was in the county jail for over 2 months because I kept getting jumped and getting put in medical and I kept getting and [*sic*] allergic reaction to the medicine that was giving [*sic*] me inside of the county jail").

Accordingly, the claims against CCJ must be dismissed with prejudice.

Furthermore, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

With respect to the alleged events giving rise to her claims, Plaintiff states: "I was in the years between 2007 –

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

2008 when I was incarcerrated [sic] for these actions." Complaint § III(B). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statutes of limitations for Plaintiff's claims expired in 2010 at the latest. As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

| | |
|---|---|
| **February 1, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).